UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DEMARCO PHILLIPS-JOHNSON,

        Plaintiff,

v.

JAMES CORRIGAN et al.,

        Defendants.

_____/

Case No. 2:24-cv-187

Honorable Jane M. Beckering

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying this standard regarding joinder, the Court will drop as misjoined Defendants Woodard, Meehan, and Roan. The Court will dismiss Plaintiff's claims against the misjoined Defendants without prejudice.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against remaining Defendants Corrigan and Smart for failure to state a claim.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Warden James Corrigan and Corrections Officers Christopher Woodard, Unknown Meehan, Wesley Smart, and R. Roan in their official and personal capacities. (Am. Compl., ECF No. 5, PageID.18.)

Plaintiff filed his original complaint on November 6, 2024. (ECF No. 1.) However, on November 12, 2024, the Court ordered Plaintiff to file an amended complaint, noting that because Plaintiff's complaint was entirely conclusory and unsupported by any factual allegations, it was subject to dismissal. (ECF No. 4.)

Plaintiff has filed an amended complaint (ECF No. 5) in which he asserts that during his incarceration at URF he suffered from "cruel and unusual punishment, harassment, retaliation, sexual advancement and force." (*Id.*, PageID.19.) Plaintiff then offers single sentence allegations regarding each Defendant. For example, Plaintiff states that Defendant Meehan told Plaintiff that he wanted to make love to him in the shower; Defendant Smart planted a weapon on him and falsified documents related to the incident; Defendant Roan used "sexual force grabbing [Plaintiff's] private parts and clearly showing corruption," and Defendant Corrigan neglected to address the false charges and staff corruption of Defendant Woodard. (*Id.*)

Plaintiff fails to make any specific allegations regarding these incidents in the body of his complaint but refers the Court to his attachments for factual allegations. (*Id.*) The Court may consider documents that are attached to a *pro se* complaint when considering whether the complaint states a claim upon which relief should be granted. *See, e.g.*, *Powell v. Messary*, 11 F.

App'x 389, 390 (6th Cir. 2001) (affirming the Eastern District of Michigan District Court's consideration of the attachments to the plaintiff's complaint to determine that the plaintiff had received medical treatment and, therefore, failed to state a claim under the Eighth Amendment); *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002 (6th Cir. May 23, 2018) (affirming this Court's consideration of the plaintiff's complaint allegations and the documents attached to the complaint to support the determination that the plaintiff failed to state a claim); *Hogan v. Lucas*, No. 20-4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating that "[b]ecause the documents attached to Hogan's complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)). The Court will generally accept as true the statements that Plaintiff makes in the documents he has attached to the complaint. The Court will generally not accept as true statements made by others in the documents except to the extent that Plaintiff relies on the truth of those statements in his complaint.

The documents offer at least some clue with regard to the timing of the incidents Plaintiff mentions in his complaint. Considered chronologically, the first event alleged in Plaintiff's complaint is Defendant Smart's purported planting of a weapon. Those events occurred during the summer of 2023 and are chronicled in a grievance (ECF No. 5-1, PageID.25, 28, 37); 7 pages of a 9-page MDOC Incident Report (*Id.*, PageID.26–27, 29–31, 33–34); a Michigan Department of State Police Evidence Report (*Id.*, PageID.32); a Notification of Detainer (*Id.*, PageID.35); and a June 20, 2024 order from the Chippewa County District Court granting the prosecutor's motion for order of nolle prosequi (*Id.*, PageID.36).

The next event is a similar situation on October 17, 2023: Defendant Woodard prepared a Class I Misconduct Report because he found a piece of paper in Plaintiff's cell that explained how

to create "K-2 a substance that creates a euphoric state when someone smokes it." (*Id*., PageID.50.) Woodard opined that Plaintiff had the paper as part of a plan to smuggle K-2 into URF. (*Id*.) On October 20, 2023, Woodard prepared a contraband removal record relating to the paper he found in Plaintiff's cell. (*Id*., PageID.49.)[1] Plaintiff alleges "I contacted the Warden James Corrigan who neglected and undermined the severity of these following situations harassment, falsifying documents of smuggling and staff corruption of (Christopher Woodard) correctional officer." (Am. Compl., ECF No. 5, PageID.19.)

Plaintiff next complains about harassment by Defendant R. Roan. The complaint claims that Roan grabbed Plaintiff's penis and "clearl[]y show[ed] corruption." (*Id*.) That one-sentence allegation in the complaint is documented in a grievance (ECF No. 5-1, PageID.39) that identifies the date of the incident as June 28, 2024. Another grievance with the same incident date accuses Defendant Roan (and others) of retaliating against Plaintiff and harassing him. (*Id*., PageID.40.) Plaintiff supplies one more grievance form regarding Roan with an incident date of May 22, 2024. (*Id*., PageID.42–43.) The grievance accuses Roan of making sexually harassing comments.

And, finally, Plaintiff attaches a grievance with an incident date of September 19, 2024, complaining that Defendant Meehan "asked [Plaintiff] to stroke [his] penis[] for [Meehan]." (*Id*., PageID.24)

Plaintiff seeks damages in the amount of $500,000.00. (Am. Compl., ECF No. 5, PageID.5.)

---

[1] Plaintiff also includes some paperwork from one or more Class II/Class III misconduct appeals (ECF No. 5-1, PageID.51–53), as well as some Class III misconduct reports (*Id*., PageID.44–46), and some grievances apparently related to those reports (*Id*., PageID.47–48). The documents appear to relate to late in 2023 or early in 2024. The Court can discern no connection between those documents and the claim against Smart or the claim against Woodard. Indeed, the documents do not appear to relate to any of the named Defendants.

4

## II. Misjoinder

### A. Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Pace v. Timmermann's Ranch and Saddle Shop Inc.*, 795 F.3d 748, 754 n.10 (7th Cir. 2015), *and Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related

5

to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (citation omitted).

Permitting improper joinder in a prisoner civil rights action undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions

6

and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims be dismissed as frivolous or for failure to state a claim. Courts are therefore obligated to reject misjoined claims like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendant Corrigan is the first party defendant identified in the complaint.[2] Plaintiff's claim against Defendant Corrigan is based on Corrigan's neglect of the harassment, falsifying documents regarding smuggling, and staff corruption of Defendant Woodard. The only facts alleged regarding Defendant Woodard relate to Woodard's discovery of a piece of paper in Plaintiff's cell on October 17, 2023, that Woodard concluded was related to the smuggling of "K-2" into the facility. Woodard wrote a Class I Misconduct Report against Plaintiff. (ECF No. 5-1, PageID.50.)

That is all that Plaintiff has provided regarding these claims against Corrigan and Woodard. It is enough, however, to support the conclusion that these claims are related. Essentially, Plaintiff asks the Court to hold Corrigan liable for Woodard's alleged misconduct.

However, no matter how liberally the Court construes Plaintiff's scant allegations, Plaintiff has not stated at least "one claim against each [remaining] defendant [that] is transactionally related to the claim against the first defendant[, here the first two defendants,] and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (citations omitted). Plaintiff's allegations against Defendant Smart preceded the incident with Woodard by several months, they do not implicate Corrigan or Woodard, and they bear no meaningful factual relationship with Plaintiff's claims against Corrigan or Woodard. Plaintiff's allegations against Roan and Meehan are likewise

---

[2] The analysis of joinder must start somewhere. Defendant Corrigan is the first defendant named in the caption, the first defendant named in the list of parties, and the first defendant mentioned in the statement of claim. (Am. Compl., ECF No. 5, PageID.17–19.) By accepting the first-named defendant as the foundation for the joinder analysis, the Court is considering the issue of joinder of parties as Plaintiff has presented it in his complaint.

remote in time from his allegations against Corrigan and Woodard. The Court can conceive of no relationship between the sexual harassment allegations Plaintiff raises against Roan and Meehan and the false misconduct allegations Plaintiff raises against Corrigan and Woodard. Accordingly, the Court concludes that, while Defendants Corrigan and Woodard are properly joined, Plaintiff has improperly joined Defendants Smart, Roan, and Meehan.

### B. Remedy

Because the Court has concluded that Plaintiff has improperly joined Defendants Smart, Roan, and Meehan to this action, the Court must determine an appropriate remedy. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. Civ. P. R. 21. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (citation omitted)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely

8

claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

Plaintiff brings this action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Plaintiff's claims against Defendant Smart arose, at the earliest, during June of 2023. Plaintiff's claims against Defendants Roan and Meehan arose between May and September of 2024. Plaintiff's complaint provides no indication that the statute of limitations has or will run on Plaintiff's claims against the misjoined Defendants, and Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if claims against the misjoined Defendants are dismissed without prejudice.

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Smart, Roan, and Meehan because they are misjoined, and the Court will dismiss Plaintiff's claims against them without prejudice to the institution of new, separate lawsuits.[3] *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("In such a case, the court can generally dismiss all

---

[3] If Plaintiff wishes to proceed with his claims against the misjoined Defendants, he may do so by filing new civil action(s) on the form provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and paying the required filing fees or applying in the manner required by law to proceed *in forma pauperis*. As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined. Plaintiff is advised that simply because separate and discrete events occurred during Plaintiff's incarceration does mean that all claims arising out these events are properly joined.

but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs.").

### III.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

10

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his amended complaint, Plaintiff's sole allegations against Defendants Corrigan and Woodard are that Defendant Corrigan "neglected and undermined the severity" of harassment, falsifying documents of smuggling, and staff corruption by Defendant Woodard. (ECF No. 5, PageID.19.) Plaintiff attaches a copy of a misconduct report for smuggling written by Defendant Woodard and dated October 20, 2023, which states that he discovered a piece of paper in Plaintiff's area of control detailing how to get the ingredients and to make a substance called K-2. (ECF No. 5-1, PageID.50.) Plaintiff does not offer any additional information regarding the alleged misconduct of Defendants Corrigan and Woodard.

Plaintiff asserts that Defendants Corrigan and Woodard violated his constitutional rights without any factual support. There are a few facts in the documents Plaintiff attaches to the complaint, but those facts do not support any inference of unconstitutional conduct on the part of Corrigan or Woodard. Plaintiff's conclusory allegations that these Defendants violated his constitutional rights without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

Moreover, Plaintiff's claim against Corrigan fails for another reason. Plaintiff essentially states that Corrigan failed to stop Woodard. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76

11

(6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Corrigan engaged in any active behavior, much less any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against Defendant Corrigan for this additional reason.

Because Plaintiff merely asserts that Defendants Corrigan and Woodard violated his rights without any factual support, his claims against them are properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act and permitted under Federal Rule of Civil Procedure 21, the Court determines: (1) that Plaintiff has misjoined Defendant Smart, Roan, and Meehan to this action, they will be dropped as parties and Plaintiff's claims against them will be dismissed without prejudice; and (2) Plaintiff's complaint against remaining Defendants Corrigan and Woodard will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A Judgment consistent with this Opinion will be entered.

Dated:   January 14, 2025               /s/ Jane M. Beckering
                                                                            Jane M. Beckering
                                                                            United States District Judge